Ronald V. Sgambati (Bar ID #046321991)
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBRA GOLDBERG,

            Plaintiff,

    v.

SUNRISE SENIOR LIVING SERVICES,
INC. d/b/a BRIGHTON GARDENS OF
EDISON and JOHN DOES 1-5 AND
6-10,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

**NOTICE AND PETITION FOR
REMOVAL OF CASE FROM THE
SUPERIOR COURT OF NEW JERSEY,
LAW DIVISION, MIDDLESEX
COUNTY**

TO:    Clerk                             Kevin M. Costello, Esq.
        United States District Court for the     Costello & Mains, LLC
        District of New Jersey               18000 Horizon Way, Suite 800
        402 East State Street                Mount Laurel, NJ 08054
        Trenton, NJ 08608

        Defendant Sunrise Senior Living Services, Inc., pursuant to 28 U.S.C. §§ 1331,

1332(a), 1367, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a

Case from the Superior Court of New Jersey, Law Division, Middlesex County, bearing Docket

No. MID-L-007563-20, and as grounds for removal allege as follows:

               1.       On October 30, 2020, Debra Goldberg ("Plaintiff") filed a civil action

captioned <u>Debra Goldberg v. Sunrise Senior Living Services, Inc.</u>, Docket No.

MID-L-007563-20, in the Superior Court of New Jersey, Law Division, Middlesex County.  A

true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2.     Defendant was served with a copy of the summons and complaint on November 12, 2020, within thirty (30) days of the filing of this notice and petition for removal. The summons and complaint were the initial pleadings received by Defendant setting forth the claims upon which Plaintiff's action is based.

3.     This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446.  Defendant has affected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable.  See 28 U.S.C. § 1446.

4.     No proceedings have taken place in the state court action.  Defendant has not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

5.     The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1367, supplemental jurisdiction, and 28 U.S.C. § 1332, diversity jurisdiction.

**Federal Question and Supplemental Jurisdiction**

6.     This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331, 1367, and 1441.

7.     In the Complaint, including at the Preliminary Statement and in paragraphs  24-28 (General Allegations) and 46-47 (Count V), Plaintiff alleges, *inter alia*, that Defendant violated her rights under Federal Law by interfering with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*.  (See Exhibit A, Complaint, at ¶¶ 46-47.)

8.      These Counts constitute "civil action[s] arising under the …laws…of the United States," i.e., federal question jurisdiction.  See 28 U.S.C. § 1331.

9.      Plaintiff's remaining Counts – state statutory claims under the New Jersey Law Against Discrimination, ("LAD"), N.J.S.A. §§ 10:5-1 *et seq.*, in paragraphs 36-45 (Counts I - IV) – are subject to the Court's supplemental jurisdiction.  See 28 U.S.C. § 1367.

10.     The LAD claims are for disability discrimination, perception of disability discrimination, and retaliatory termination based in her taking a disability-based medical leave. (See Exhibit A, Complaint, at ¶¶ 36-45.)

11.     The LAD claims are so related to the FMLA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.  See 28 U.S.C. § 1367(a). Plaintiff relies solely on the same factual allegations to support all five Counts, i.e., that her disability forced her to take an FMLA medical leave, and that consequently Defendant interfered with her leave-taking rights, discriminated against her because she had a disability (which had resulted in the leave-taking), and retaliated against her because she had a disability which caused her to take leave – with all of that disability/FMLA-related hostility resulting in her employment termination.  (See Exhibit A, Complaint, ¶¶ 36-45.)

12.     In addition, the Court should not decline supplemental jurisdiction based on 28 U.S.C. § 1367(b) or (c), as Fed. R. Civ. P. 14, 19, 20, and 24 do not apply, the LAD claims do not raise novel or complex issues of state law, those claims do not substantially predominate over the FMLA claims, the Court has not dismissed the claims over which it has original jurisdiction (FMLA), and there are no exceptional circumstances or compelling reasons to

decline jurisdiction.[1]

13.     Accordingly, this action is being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331 by virtue of its federal question jurisdiction arising out of Plaintiff's claims under Federal Law for violations of the FMLA, and on the ground pursuant to 28 U.S.C. § 1367 that Plaintiff's claims under state law for violations of the LAD form part of the same case or controversy as the FMLA claims.

**Diversity Jurisdiction**

14.     Alternatively, this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1332(a) and 1441 based on diversity jurisdiction.

15.     Plaintiff is a resident and citizen of New Jersey.  (See Exhibit A, Complaint, preamble, ¶ 1.)[2]  Defendant Sunrise Senior Living Services, Inc. is a foreign corporation, incorporated in Delaware, with its principal place of business at 7902 Westpark Drive, McLean, Virginia.  (See Exhibit B, Declaration of Marc Roder, ¶ 3.)  Plaintiff was employed at all relevant times by Sunrise Senior Living Management, Inc., a foreign corporation incorporated in Virginia with its principal place of business with its principal place of business at 7902 Westpark Drive, McLean, Virginia.  (See Exhibit B, Declaration of Marc Roder, ¶¶ 4, 7.)

16.     Plaintiff worked at Sunrise Senior Living Management, Inc.'s senior living facility known as Brighton Gardens of Edison, New Jersey, which is in Middlesex County.

---

[1] Plaintiff also has a sixth Count for injunctive relief based entirely on the alleged violations of the FMLA and LAD Counts.

[2] An allegation in the Complaint of a plaintiff's residence is sufficient to establish plaintiff's citizenship. Abdulmalik v. Pittman, Civil Action No. 12-3340 (RBK), 2012 U.S. Dist. LEXIS 169518, at *6 n.3 (D.N.J. Nov. 28, 2012) ("Plaintiff expressly associated himself with Bellmawr, New Jersey, by designating this locale as his current address... Thus, for the purposes of diversity inquiry, Plaintiff is domiciled in New Jersey."). *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. v. Dish Network, L.L.C.* No. 15 Civ. 1094, 2016 U.S. Dist. LEXIS 33523, at *25 (S.D.N.Y. Mar. 15, 2016) ("an individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship").

(Id. ¶ 7.)

17.     Because Plaintiff is a citizen of New Jersey and Defendant is a citizen of Virginia, they have diverse citizenships.

18.     Plaintiff has not specified in the Complaint the amount in damages that she seeks.  However, the amount sought exceeds $75,000, exclusive of interest and costs, given the nature of her claims and alleged damages.  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014).   "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

19.     Plaintiff has alleged that Defendant's alleged violations of the FMLA and LAD were egregious and willfully indifferent to Plaintiff's rights, causing her to suffer harm and seek the following damages:  compensatory damages, non-economic compensatory damages, punitive damages,  interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, and equitable reinstatement.  (See Exhibit A, Complaint, , *ad damnum* clauses to Counts I through VI.)

20.     The Court may look to other New Jersey cases as evidence of the probable amounts sought in retaliation and discrimination cases for compensatory/emotional distress damages, punitive damages, and attorneys' fees.  *See Mankodi v. Trump Marina Assocs., LLC*, 525 Fed. App'x 161, 164 (3d Cir. 2013) ("courts have examined jury verdicts to determine whether cases meet the jurisdictional threshold").

21.     Defendant cites the following cases from New Jersey courts as evidence of juries awarding substantial sums to plaintiffs for compensatory/emotional distress damages,

punitive damages, and attorneys' fees in discrimination and retaliation cases under the LAD and other employment statutes: *Caggiano v. Essex County*, No. L-1608-00, Union Superior Court, November 15, 2004 ($1.2 million in compensatory damages for emotional distress, punitive damages of $1 million, $604,188 for future economic losses, and $43,000 in back pay for harassment based on sexual orientation); *Cancalosi v. Bd. of Educ. of the Twp. of Holmdel*, MON-L-003959-08, Monmouth Superior Court, October 8, 2013 ($800,000 in compensatory damages for pain and suffering for sexual orientation discrimination, retaliation, wrongful termination, hostile work environment, and intentional infliction of emotional distress); *Sedeyn v. City of Paterson*, No. PAS-L-1053-08, Passaic Superior Court, Aug. 23, 2010 ($250,000 for emotional distress damages for discrimination based on disability); *Onuoha v. Roche Molecular Sys.*, No. A-1436-11T3, 2012 N.J. Super. Unpub. LEXIS 1582, at *19-20 (N.J. Super. Ct. App. Div. Jul. 3, 2012) (for racial discrimination and retaliation, $268,702.50 in attorneys' fees); *Hubis v. Burns Pontiac GMC Inc.*, No. 98-CV-01360, D.N.J., Mar. 9, 2001 ($1.5 million for emotional distress damages and lost wages to victim of sexual harassment); *Jablonski v. American Home Prod. Corp.*, MRS-L-1916-95, Morris County Superior Court, Oct. 1999 ($350,000 in emotional distress damages for age discrimination); *Hernandez v. Montville Township Bd. of Educ.*, 808 A.2d 128, 130 (N.J. Super. Ct. App. Div. 2002) ($150,000 for emotional distress in case of retaliation under Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19.1 *et seq.*); *Mehlman v. Mobil Oil Corp.*, 707 A.2d 1000, 1008 (N.J. 1997) ($2,565,300 in compensatory damages, $875,000 in emotional distress damages, and $3,500,000 in punitive damages in CEPA case); *Higgins v. Pascack*, 730 A.2d 327, 333 (N.J. 1999) ($315,000 in compensatory damages in CEPA case).

22.     The amount in controversy for compensatory/emotional distress damages alone easily exceeds the $75,000 threshold.   The amounts for lost wages, benefits, punitive damages, liquidated damages, and attorneys' fees increase the amount even further beyond the threshold level.

23.     Plaintiff has named as Defendants JOHN DOES 1 through 10.   For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).

24.     Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

25.     Venue is proper in this Court.

26.     Pursuant to 28 U.S.C. §1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

WHEREFORE, Defendant Sunrise Senior Living Services, Inc. respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Middlesex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200

Dated:  December 11, 2020          By:     _s/ Ronald V. Sgambati_____
                                            Thomas P. Murphy
                                            Ronald V. Sgambati
                                            ATTORNEYS FOR DEFENDANT

4838-9214-5620, v. 1

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| DEBRA GOLDBERG, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MIDDLESEX COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| SUNRISE SENIOR LIVING SERVICES, | : | DOCKET NO: |
| INC. d/b/a BRIGHTON GARDENS OF | : | |
| EDISON and JOHN DOES 1-5 AND 6-10. | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Debra Goldberg, residing in Middlesex County, New Jersey, by way of

Complaint against the defendants, says:

## Preliminary Statement

This matter is opened to the Court alleging disability discrimination, perception of

disability discrimination, failure to accommodate and retaliation in violation of the New Jersey

Law Against Discrimination ("LAD").

This matter is further opened to the Court due to interference with the Family Medical

Leave Act ("FMLA").

## Identification of Parties

1.     Plaintiff Debra Goldberg is, at all relevant times herein, a resident of the State of

New Jersey and a former employee of Defendants.

2.      Defendant Sunrise Senior Living Services, Inc. d/b/a Brighton Gardens of Edison ("Brighton Gardens") is, upon information and belief, a business entity maintaining citizenship in the State of New Jersey conducting business at 1801 Oak Tree Road, Edison, New Jersey 08820, and, at all relevant times herein, was the employer of Plaintiff.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

**<u>General Allegations</u>**

4.      Plaintiff began working as a resident nurse for Defendants in or around February 2019.

5.      At all relevant times herein, Plaintiff performed her duties up to or beyond the reasonable expectations of her employer.

6.      Upon information and belief, Defendants employee more than 50 employees.

7.      Plaintiff worked approximately 30 to 50 hours per week.

8.      In or around June 2019, Plaintiff had neck surgery performed and was provided five weeks of leave under the FMLA leave despite not having worked long enough to qualify.

9.      Plaintiff suffers from an auto-immune disorder which causes her to have increased inflammatory responses to sickness.

10.     Plaintiff is disabled within the meaning of that term under the LAD.

11.     In addition and/or in the alternative to being disabled, Plaintiff was perceived as disabled by Defendants.

12.     On or around March 20, 2020, Plaintiff was placed out of work due to asthmatic bronchitis.

2

13.     On or around March 31, 2020, Plaintiff was diagnosed with pneumonia and her medical leave from work was extended to May 1, 2020.

14.     By informing Defendants of her disability, Plaintiff engaged in LAD-protected activity.

15.     On or around May 1, 2020, after following up with her physician, Plaintiff's physician sent a note to Defendants indicating Plaintiff could only return to work on a non-covid wing or floor.

16.     In requesting this reasonable accommodation, Plaintiff further engaged in LAD-protected activity.

17.     On or around May 1, 2020, Plaintiff returned to work on a non-covid wing.

18.     On the same date, Director of Nursing, Keizma Hill, placed a notice detailing Plaintiff's physician's note in two separate locations in the view of other employees.

19.     Employees began taking pictures of the note and sharing it among the staff.

20.     Several employees began asking Plaintiff why she was there and why she did not "just stay home."

21.     Plaintiff worked in the non-covid wing on May 1st, May 2nd, and May 3rd without issue.

22.     On or around May 4, 2020, personnel director Monica Gonzalez-Shaw called Plaintiff and told her that her note could not be accommodated.

23.     Gonzales-Shaw told Plaintiff her doctor would have to put Plaintiff completely out of work and she could continue to use FMLA benefits.

24.     Gonzalez-Shaw stated that because Plaintiff took five weeks of FMLA leave in June of 2019, Plaintiff only had one additional week of FMLA left.

25.     Plaintiff became eligible for 12 weeks of leave under the FMLA in or around February 2020.

26.     On or about May 13, 2020, Gonzales reached out Plaintiff and told her, her FMLA was exhausted and that Plaintiff has to decide whether to come back to work without the accommodation or to resign.

27.     As Plaintiff had to choose between putting her health at risk or resigning, Plaintiff releuctantly resigned.

28.     On or around May 13, 2020, Plaintiff provided Defendants with a resignation letter detailing Defendants' FMLA interference and her forced resignation.

29.     Plaintiff was thereby separated from her employment with Defendants.

30.     As a result of Defendants conduct, Plaintiff has been made to suffer both economic and non-economic harm.

31.     Because the actions of Defendants were egregious and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

32.     A determinative and/or motivating factor in Plaintiff's forced resignation was her disability.

33.     In addition and/or in the alternative, a determinative and/or motivating fact in Plaintiff's forced resignation was Defendants' perception that she was disabled.

34.     Further, a determinative and/or motivating factor in Plaintiff's forced resignation, was Plaintiff's request for reasonable accommodation.

35.    To the extent there is any "mixed-motive," Plaintiff only need show that a determinative and/or motivating factor in the conduct directed towards her was because of her member or participation in one or more of a protected category set forth above.

## COUNT I

### Disability Discrimination Under the LAD

36.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 35, as though fully set forth herein.

37.    The conduct set forth above constitutes disability discrimination in violation of the LAD and is the responsibility of the Defendants both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Perceived Disability Discrimination Under the LAD

38.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 37, as though fully set forth herein.

39.    The conduct set forth above constitutes perceived disability discrimination in violation of the LAD and is the responsibility of the Defendants both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate Under the LAD

40.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 39, as though fully set forth herein.

41.     Plaintiff made a reasonable request in that she be permitted to work in a covid wing or floor.

42.     Despite Plaintiff's request, Defendants failed to provide the reasonable accommodation in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation Under the LAD

43.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 42, as though fully set forth herein.

44.     Plaintiff engaged in protected activity under the LAD in that she made Defendants aware of her disability and/or perceived disability and made a reasonable request for accommodation.

45.     As a result of this conduct, Plaintiff was subjected to adverse employment actions.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

## **FMLA Interference**

46.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 45, as though fully set forth herein.

47.     For the reasons set forth above, Defendants have interfered with Plaintiff's rights under the FMLA such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT VI

## **Request for Equitable Relief**

48.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 47 as though fully set forth herein.

7

49.     Plaintiff requests the following equitable remedies and relief in this matter.

50.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

51.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

52.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

53.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

54.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

55.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

56.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

8

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


                                    By:  **/s/Kevin M. Costello**
Dated:  October 30, 2020                  **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:  **/s/Kevin M. Costello**
       **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:  **/s/Kevin M. Costello**
       **Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


**By:  /s/Kevin M. Costello_____**
            **Kevin M. Costello**


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


**By:  /s/Kevin M. Costello_____**
            **Kevin M. Costello**